UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NIAGRA MOHAWK POWER CORPORATION,

    Plaintiff,

 -v-                  5:16-CV-35
                      (DNH/TWD)

WINDSTREAM COMMUNICATIONS, LLC,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Barclay Damon LLP - Syracuse Office<br>*Attorneys for Plaintiff*<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202-2078 | John M. Nichols, Esq.<br>Jon P. Devendorf, Esq.<br>Jason C. Halpin, Esq. |
| Flaster, Greenberg Law Firm<br>*Attorneys for Defendant*<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002 | Darren Heath Goldstein, Esq.<br>Donna T. Urban, Esq. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

  Plaintiff Niagra Mohawk Power Corporation ("Niagra Mohawk" or "plaintiff") brought civil suit in Supreme Court of the State of New York, Onondaga County, on November 6, 2015, alleging, inter alia, breach of contract. On January 11, 2016, defendant Windstream Communications, Inc. ("Windstream" or "defendant") filed a notice of removal to this Federal District Court based upon diversity jurisdiction. In opposition to defendant's

removal, on February 10, 2016, plaintiff filed a motion to remand to state court. Defendant opposes the motion. Oral argument were heard today in Utica, New York.

## II. BACKGROUND

Plaintiff Niagra Mohawk is an electricity and natural gas provider, operating throughout New York state. As relevant to the instant action, defendant Windstream provides telecommunication services to customers by way of fiber-optic cable networks. Plaintiff and defendant's contractual relationship, at issue today, arises from a "Right of Occupancy Agreement Authorizing Use of Certain Niagra Mohawk Rights-of-Way" ("Agreement"). Neither party disputes the existence and validity of said contract.

Pursuant to the terms of the Agreement, Niagra Mohawk sued Windstream, alleging breach of contract, unjust enrichment and quantum meruit. Specifically, plaintiff sued for costs incurred in protecting defendants's fiber-optic cables during a transmission rebuild project. Plaintiff alleged that, as a result of defendant's breach, it was owed $9,411,159.42, together with late fees, interest and the legal fees and expenses associated with the action. As noted, plaintiff subsequently removed the action to this District.

Niagra Mohawk contends that such removal is inappropriate because the Agreement, which gave rise to the action, contains an unambiguous forum selection clause that precludes removal. The final sentence of the forum selection clause provides:

> Any action at law, suit in equity or judicial proceeding initiated by either party arising out of this Agreement shall be instituted only in the courts of the State of New York. (Emphasis added).

And it is this solitary sentence that forms the crux of today's argument.

## III. DISCUSSION

Niagra Mohawk argues that the forum selection clause (1) grants exclusive jurisdiction to New York State Supreme Court; (2) is tantamount to a waiver of the right to remove; and (3) any other interpretation results in a meaningless forum selection clause. To this end, plaintiff focuses upon the prepositional phrasing "in the courts of the State of New York." Windstream argues that plaintiff misstates the applicable law and asks that the clause be interpreted to mean: (1) the forum selection clause provides only where the lawsuit must be commenced and not where it must remain; and (2) without a "clear and unequivocal" waiver of right to remove to federal court, defendant retains said right. In the alternative, defendant contends that the Agreement does not apply to the instant dispute.

The parties, for their part, resort to various out-of-circuit decisions to advance their cause. These efforts to fill a lacuna in Second Circuit law were wholly unnecessary, as a solution is found much closer to home. When faced with a nearly identical forum selection clause, the Southern District held that "[t]he language, 'any proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts." Phoenix Global Ventures, LLC v. Phoenix Hotels Assocs., Ltd., 2004 U.S. Dist. LEXIS 20977, at *19 (S.D.N.Y. Oct. 19, 2004), aff'd, 422 F.3d 72 (2d Cir. 2005).[1] This outcome was necessitated by a Second Circuit decision holding that a similar clause – "no action or proceeding shall be commenced . . . except in the Supreme Court of the State of New York" – established exclusive jurisdiction in state court. See Karl Koch

---

[1] "The language, "Courts of the State of New York," sets venue in New York State courts. Dart Mech. Corp. v. Johnson Controls, Inc., 2013 WL 5937424, at *2 (E.D.N.Y. Nov. 4, 2013); see also Sahara Sam's Oasis, LLC v. Adams Cos., Inc., 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) ("As a matter of contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated.").

Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1998). And based upon that holding, removal to federal court was improper. Id. Further, when mandatory venue language is employed, the clause will be enforced accordingly. John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs., 22 F.3d 51, 52 (2d Cir. 1994).

It is very surprising that plaintiff's attorney never cited these cases in his memorandum of law, because they are the beginning and end of the necessary inquiry. With the language of the disputed forum selection clause being mandatory and nearly identical to the above cases, it is clear that only a New York State Supreme Court has jurisdiction to resolve this dispute. Likewise, removal to this Court was improper.

Alternatively, Windstream argues that the Agreement does not govern the instant dispute. This argument is likewise unpersuasive. Niagra Mohawk filed the lawsuit in New York State Supreme Court, pursuant to that very Agreement. Defendant's alternate argument goes to the substantive merits of the complaint; however, the present inquiry is limited to interpreting the forum selection clause of the Agreement that forms the basis of this lawsuit. Questions regarding whether the Agreement is applicable to the underlying claims of the dispute shall be left to the court with jurisdiction to adjudicate the case, to wit, the New York State Supreme Court, Onondaga Country. See Koninklijke Philips Elecs v. Digital Works, Inc., 358 F. Supp. 2d 328, 334 (S.D.N.Y. 2005).

## IV. **CONCLUSION**

In reviewing the Agreement's unambiguous and mandatory language of the forum selection clause in light of Second Circuit case law, venue must be laid in New York State Courts and the removal to federal court was improper.

4

Therefore it is

ORDERED that

1. Plaintiff's motion for remand pursuant to 28 U.S.C. § 1447(c) is **GRANTED**; and

2. The Clerk of the Court is directed to transfer the case to the State Supreme Court of the State of New York Onondaga County and close the file.

It is so ORDERED.

_____
United States District Judge

Dated: March 25, 2016
        Utica, New York